393 P.2d 793

RELIANCE NATIONAL LIFE INSURANCE COMPANY, Plaintiff and Appellant,

v.

William P. HANSEN, Defendant and Respondent.

No. 10003.

Supreme Court of Utah.

July 10, 1964.

2. See Sec. 57-1-5, U.C.A.1953.

Barker & Ryberg, Salt Lake City, for plaintiff and appellant.

Tuft, Marshall & Dibble, George Smith Dibble, Jr., Salt Lake City, for defendant and respondent.

HENRIOD, Chief Justice.

Appeal from a judgment tried to the court. Affirmed except as to $1,000 claimed by defendant for earned commissions. No costs awarded.

This case involves a contract in which defendant was employed as Field Vice-President of plaintiff insurance company, containing terms with respect to compensation, etc. One of the terms required that defendant transfer his $4,000 equity in an airplane, plaintiff paying defendant $1,500 on the spot and agreeing to pay the $2,500 balance.

Differences arose shortly and plaintiff served defendant with notice of termination of the contract. Thereafter, plaintiff sued defendant for rescission of the employment contract and laid its action in deceit, claiming defendant misrepresented his capabilities in putting over a proposed sales program.

At pretrial everyone agreed the issue would be termination of the contract for cause, apparently dropping the fraud issue, as is evidenced by the pretrial order. Trial was had in which an unnecessarily protracted record was built, punctuated by judgments, amended judgments, memorandum decisions, and somewhat vitriolic colloquy between counsel. After different judgments had been entered, including one dated *August 7th, 1963,* a subsequent and rather inconsistent one was entered on *September 12, 1963,* which not only seems to be the last one, but the one from which plaintiff intended to appeal, but didn't. Plaintiff's notice of appeal was from "the judgment entered . . . on *August 7th, 1963.*" Taking the record as is, the notice of appeal, dated in October, was far and

away too late, and consequently this court would have no jurisdiction, decidable sua sponte. But we are satisfied that plaintiff could demonstrate satisfactorily that its notice of appeal was intended to apply to the *September* judgment. Cutting red tape we assume so, and in doing so consider we can avoid a lot of expensive, time-consuming ancillary maneuvering. Plaintiff proposed the findings, conclusions and judgment which it now attacks on appeal. It has the effect of interjecting at the 11th hour, findings as to deceit. Then, after successfully obtaining the court's signature on the rather belated but final judgment, plaintiff says the court was inconsistent and assigns this fact as a point on appeal. We think the issue was iced in the pretrial order, being "termination for cause," not rescission for fraud. Although the September findings talked about fraud, it based its judgment on termination "for cause," a conclusion it consistently had espoused in several previous judgments and amendments thereto.

■ Without reciting the details reflected in this voluminous, repetitious record, we conclude that there is ample competent and believable evidence to support the trial court, except as to the $1,000 commission asserted by defendant in his counterclaim, which was supported only by his belief that he had this coming. We order this amount reduced to $43.62, admittedly owed by plaintiff to defendant, the only amount supported by any nonconjectural, probative evidence.

This case appears from the record to be a classic example of the indisposition of persons to sit down and reduce differences to a settlement because of personal clashes:

■ As to defendant's claim that the little bit of the contract anent the aircraft was divisible, we think it is not well taken. It is unimportant, and takes flight in the result reached, although the trial court obligingly thought it was separable. It was an integral part of the contract, and any argument to the contrary would seem to represent a trial balloon whose flight plan was directed toward this court.

McDONOUGH, CALLISTER, CROCKETT and WADE, JJ., concur.